THOMAS A. CARVER AND WIFE, WILLIE R. CARVER v. C. PAUL ROBERTS AND HOME SAVINGS AND LOAN ASSOCIATION OF DURHAM, GARNISHEE AND THIRD PARTY PLAINTIFF v. CHARLES B. NYE AND WIFE, MARY J. NYE, THIRD PARTY DEFENDANTS

No. 8514SC345

(Filed 17 December 1985)

**Vendor and Purchaser § 6.1— sale of house by builder-vendor—fraudulent conceal-ment of material defects—sufficiency of complaint**

Plaintiffs' complaint was sufficient to state a claim for fraudulent conceal-ment of material defects where plaintiffs alleged that a house built and sold to them by defendant was built on a lot filled with stumps and other debris, that no vapor barrier or crushed rock separated the concrete slab on which the house was built from the earth, and that these conditions violated the N. C. Uniform Residential Building Code; these allegations were sufficient to allege material defects in the house not reasonably discoverable to plaintiffs; it was specifically alleged that defendant knew of the defects and concealed their ex-istence from plaintiffs when he sold them the house; these allegations were sufficient to support the requisite elements that the concealment was calculated and intended to deceive plaintiffs; and plaintiffs alleged that they sustained damages as a result of the concealment.

APPEAL by plaintiffs from *Farmer, Judge*. Orders entered 18 September 1984 and 7 November 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 22 October 1985.

In this civil action, plaintiffs seek recovery of money dam-ages from defendant, C. Paul Roberts (hereinafter "Roberts"), arising out of his sale to them of a newly constructed single fami-ly residence. Plaintiffs allege that Roberts, who was the builder and seller, represented to them that the house was constructed in a workmanlike manner and in conformity with applicable building codes; that in fact the house was built on "disturbed soil" which had been filled with tree stumps and other debris; that the house was built on a concrete slab which was in direct contact with the earth, having no vapor barrier or crushed rock thereunder in violation of the North Carolina Uniform Residential Building Code; that Roberts knew of these defects in construction and did not disclose the defective conditions to plaintiffs; and that the defects were not discoverable by plaintiffs in the exercise of reasonable diligence. Plaintiffs alleged damages in the amount of $45,000.00.

Roberts moved to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6) and filed an answer generally denying the material allegations of the complaint. When the action was called for trial, Roberts requested a ruling on the motion to dismiss. The trial court allowed the motion and dismissed the complaint. Plaintiffs thereafter filed a motion pursuant to Rules 15(b), 59 and 60, requesting relief from the order dismissing their complaint· and seeking leave to amend. Plaintiffs' motions were denied. Plaintiffs appeal from both orders.

*Randall, Yaeger, Woodson, Jervis & Stout, by Robert B. Jervis for plaintiff appellants.*

*B. J. Sanders for defendant appellee C. Paul Roberts.*

*Mount, White, Hutson & Carden, P.A., by James H. Hughes for garnishee and third party plaintiff.*

MARTIN, Judge.

Plaintiffs contend by this appeal that the trial court erred by granting Roberts' Rule 12(b)(6) motion to dismiss. Plaintiffs apparently concede that the allegations of their complaint were insufficiently particular to allege fraud by misrepresentation, under previous decisions of this court in *Terry v. Terry*, 302 N.C. 77, 273 S.E. 2d 674 (1981) and *Coley v. North Carolina Nat'l Bank*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979). They argue, however, that their complaint was sufficient to allege a cause of action for fraudulent concealment of a material defect. We agree.

Fraud may be committed by suppression of the truth as much as by a false representation. Our Supreme Court has stated:

> It is a practically universal rule, and it is the law in this State, that under circumstances which make it the duty of the seller to apprise the buyer of defects in the subject matter of the sale known to the seller but not to the buyer, *suppressio veri* is as much fraud as *suggestio falsi.*

*Brooks v. Ervin Constr. Co.*, 253 N.C. 214, 217, 116 S.E. 2d 454, 457 (1960) (quoting *Brooks Equip. & Mfg. Co. v. Taylor*, 230 N.C. 680, 55 S.E. 2d 311 (1949) ). Where a material defect is known to the seller, and he knows that the buyer is unaware of the defect and that it is not discoverable in the exercise of the buyer's

diligent attention or observation, the seller has a duty to disclose the existence of the defect to the buyer. *Id.*

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint for fraud must allege with particularity all material facts and circumstances constituting the fraud. *Coley v. North Carolina Nat'l Bank, supra.* The requisite elements of fraud include: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Brickwell v. Collins,* 44 N.C. App. 707, 710, 262 S.E. 2d 387, 389, *disc. rev. denied,* 300 N.C. 194, 269 S.E. 2d 622 (1980). Intent and knowledge may be averred generally. G.S. 1A-1, Rule 9(b). While the facts constituting the fraud must be alleged with particularity, there is no requirement that any precise formula be followed or that any certain language be used. "It is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts." *Brooks Equip. & Mfg. Co. v. Taylor, supra* at 686, 55 S.E. 2d at 315.

Applying the foregoing rules to the allegations contained in plaintiffs' complaint, we find the complaint sufficient to state a claim for fraudulent concealment of material defects. Plaintiffs allege that the house was built on a lot filled with stumps and other debris, and that no vapor barrier or crushed rock separated the concrete slab from the earth under the house. Plaintiffs allege that these conditions violated the North Carolina Uniform Residential Building Code. These allegations are sufficient to allege material defects in the house, not reasonably discoverable to plaintiffs. It is specifically alleged that Roberts, as builder and seller, knew of the defects and concealed their existence from plaintiffs when he sold them the house. These allegations are sufficient to support the requisite elements that the concealment was calculated and intended to deceive plaintiffs. Fraudulent intent need not be specifically alleged if there are facts alleged from which a fraudulent intent may be reasonably inferred. *See Calloway v. Wyatt,* 246 N.C. 129, 97 S.E. 2d 881 (1957); *Stone v. Doctors' Lake Milling Co.,* 192 N.C. 585, 135 S.E. 449 (1926). That plaintiffs were, in fact, deceived by Roberts' failure to disclose the defective conditions may be reasonably inferred from their

purchase of the house. Finally, plaintiffs allege that they have sustained damages as a result of the concealment.

For the foregoing reasons, we reverse the trial court's order dismissing the complaint and remand this action for trial. In light of our ruling, we find it unnecessary to consider plaintiffs' other assignment of error relating to the denial of their motion to amend the complaint.

Reversed and remanded.

Judges ARNOLD and WELLS concur.