HANOVER REALTY, INC. v. ROBERT W. FLICKINGER, AND WIFE, ELIZA-
BETH C. FLICKINGER

No. 8713SC384

(Filed 1 December 1987)

Contracts § 6.1— contract by unlicensed contractor—construction supervised by li-
censed contractor—agreement unavailing

A contract for the construction of a house worth more than $100,000 was
properly not enforced by the trial court, since plaintiff was not licensed as a
general contractor, and plaintiff's argument that the law did not apply to it
because the construction contracted for was supervised by its employee who
was a licensed general contractor was unavailing. N.C.G.S. §§ 87-1, 87-10,
87-13.

APPEAL by plaintiff from *Stephens, Judge*. Order entered 23 January 1987 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 27 October 1987.

In July 1985 plaintiff, a North Carolina corporation, contracted in writing to build a house for defendants at the cost of construction not to exceed $107,000, plus 7 percent. While the house was being built defendants paid plaintiff $94,559.50 and upon it being completed in July 1986 they were billed by plaintiff for an additional $40,715.69, which they refused to pay. Plaintiff's suit to collect the claimed balance is based on the written contract and allegations that the contract plans and specifications

were modified at defendants' request to include changes that substantially increased the cost. In their answer, *inter alia,* defendants denied the validity of the extra charges, counterclaimed for allegedly deficient construction, and asserted in defense that plaintiff was not a licensed general contractor as required by Article I, Chapter 87 of the N.C. General Statutes. Following defendants' motion for summary judgment and a hearing in which it was established without contradiction that though plaintiff was not a licensed general contractor, it employed a licensed general contractor to supervise the construction involved, the motion was granted and an order was entered dismissing plaintiff's claim against defendants.

*Zimmer and Zimmer, by Melinda Haynie Crouch, for plaintiff appellant.*

*Fairley, Jess & Isenberg, by William F. Fairley, for defendant appellees.*

PHILLIPS, Judge.

In this state one who for a fee or other charge constructs, or contracts to construct, for another a building that costs more than $30,000 to build is required to be licensed as a general contractor, G.S. 87-1, G.S. 87-10, G.S. 87-13, and if not so licensed the contract will not be enforced by our courts. *Brady v. Fulghum,* 309 N.C. 580, 308 S.E. 2d 327 (1983). Since the record shows without contradiction that though not licensed as such by the state plaintiff acted as a general contractor in contracting to build defendants' house at a cost exceeding $30,000, the order refusing to enforce plaintiff's contract and dismissing its claim against defendants was properly entered. Plaintiff's argument that the law as above stated did not apply to it since the construction contracted for was supervised by its employee who was a licensed general contractor is unavailing; for under similar circumstances that same argument was rejected in *Joe Newton, Inc. v. Tull,* 75 N.C. App. 325, 330 S.E. 2d 664 (1985).

Affirmed.

Judges BECTON and GREENE concur.