PAMELA BECKER v. GRABER BUILDERS, INC., GRABER HOMES, INC., DWIGHT E. GRABER AND DOUGLAS BAER

No. COA01-178

(Filed 16 April 2002)

**Corporations— contract to build a home—disregard the corporate form—original dissolved corporation—successor corporation**

The trial court did not err in an action arising out of a contract to build a home by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's claims to disregard the corporate form for breach of contract, breach of implied warranty of habitability, negligence, fraud, and unfair and deceptive trade practices against two of the defendants including the successor corporation and the person who controlled it, but did err by dismissing the claims against the two defendants including the original dissolved corporation and the person who controlled it, because: (1) the general rule is that a corporation that purchases all, or substantially all, of the assets of another corporation is not liable for the old corporation's debts, and plaintiff failed to allege facts that would allow her to bring an action against the successor corporation or the individual allegedly exercising complete domination and control over it; (2) plaintiff alleged sufficient facts to sustain the claims against the original corporation or the individual

BECKER v. GRABER BUILDERS, INC.

[149 N.C. App. 787 (2002)]

allegedly exercising complete domination and control over it based on the allegations that those defendants failed to install a septic tank system suitable for a four-bedroom house and to procure the appropriate building permit; and (3) although defendants contend there is an arbitration agreement requiring the dismissal of plaintiff's claims, defendants have neither made a motion to stay the action pending arbitration nor asserted the arbitration clause as a defense.

Appeal by plaintiff from judgments entered 18 and 26 October 2000 by Judge Loto G. Caviness in Jackson County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Brown Queen Patten & Jenkins, PA, for the plaintiff-appellant, by Frank G. Queen.*

*Kelly & Rowe, P.A., for the defendants-appellees Graber Builders, Inc. and Dwight E. Graber, by James Gary Rowe.*

*Coward, Hicks & Siler, P.A., for the defendants-appellees Graber Homes, Inc. and Douglas Baer, by William H. Coward.*

THOMAS, Judge.

Plaintiff, Pamela Becker, appeals the trial court's dismissal of her claims for breach of contract, breach of implied warranty of habitability, negligence, fraud, and unfair and deceptive trade practices against two corporations and two building contractors. By five assignments of error, she argues that the dismissal of her claims was improper. For the reasons discussed herein, we affirm in part, and reverse and remand in part.

Plaintiff alleges the following: In October of 1994, she entered into a contract with defendant Graber Builders, Inc., controlled by defendant Dwight E. Graber, to build a four-bedroom house. Sometime thereafter, Graber Builders, Inc., was administratively dissolved. The "successor corporation" is defendant Graber Homes, Inc., controlled by defendant Douglas Baer.

Plaintiff's then vacant lot already had a two-bedroom septic tank system. According to plaintiff, defendants obtained a permit in January, 1995, for a two-bedroom septic system that they never installed. Defendants then obtained a permit to build a two-bedroom residence on plaintiff's property.

**BECKER v. GRABER BUILDERS, INC.**

[149 N.C. App. 787 (2002)]

In July of 1996, defendants obtained a certificate of occupancy by Jackson County for the two-bedroom house using the septic certificate of completion for the previously installed two-bedroom septic system. Defendants then finished the residence by completing two additional bedrooms without getting another building permit or installing an adequate septic system. Plaintiff alleges she discovered what happened after 31 October 1997 while attempting to sell the house.

Plaintiff filed her initial complaint on 3 January 2000 and amended her complaint on 21 July 2000. The amendments added Graber Homes, Inc. and Douglas Baer as defendants, and alleged that both Dwight Graber and Douglas Baer exercised complete control and domination over Graber Builders Inc. and Graber Homes, Inc., respectively. Defendants never filed answers to the complaint but instead filed motions to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court granted the motions and plaintiff appeals.

For our purposes, we combine plaintiff's five assignments of error, which all go to the validity of the dismissals.

Dismissal of a complaint is proper under Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim. *Shell Island Homeowners Ass'n. v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999). In general, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (*quoting* 2A James W. Moore et al., *Moore's Federal Practice*, § 12.08, at 2271-74 (2d ed. 1975)). After reviewing plaintiff's complaint in accordance with this standard, we conclude that the trial court erred in granting the motion to dismiss of Graber Builders, Inc. and Dwight Graber, but properly granted the 12(b)(6) motion of Graber Homes, Inc. and Douglas Baer.

The alleged contract, incorporated by reference in both complaints, contains three pages of general language regarding the rights and duties of the "Contractor" and the "Owner." The heading of each page reads, "GRABERS BUILDERS, INC.." On the fourth page, the signature page, "Dwight E.. Graber" is signed above a line titled, "GRABERS BUILDERS, INC.," and "Pamela Becker" is signed above

the line, "Owner." The date reads: 10-4-94. The contract identifies no other parties. It contains no information regarding the building of a specific residence. It does, however, cap the labor "charged at gross cost to the contractor" at $141,838.00, and states that: "Any increase in building material from the date of the bid to the date of the purchase will be additional to the contract price."

Plaintiff also alleges in her amended complaint that the corporate form of Graber Builders, Inc. should be disregarded because Dwight E. Graber "exercised complete control and domination" over the company with respect to this contract. Plaintiff alleges the same with respect to Graber Homes, Inc. and Douglas Baer.

Our courts will "disregard the corporate form" and "pierce the corporate veil" where an individual exercises actual control over a corporation, operating it as a mere instrumentality or tool. *Postell v. B & D Construction Co.*, 105 N.C. App. 1, 11, 411 S.E.2d 413, 419, *disc. review denied*, 331 N.C. 286, 471 S.E.2d 253 (1992). Under these circumstances, the controlling individual is liable for the torts of the corporation. *Id.* The "instrumentality rule" has been set forth by our Supreme Court as follows:

> When a corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State, the corporate entity will be disregarded and the corporation and the shareholder treated as one and the same person, it being immaterial whether the sole or dominant shareholder is an individual or another corporation.

*Henderson v. Finance Co.*, 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968). Liability may be imposed on an individual controlling a corporation as an "instrumentality" when he had:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Glenn v. Wagner*, 313 N.C. 450, 455, 329 S.E.2d 326, 330 (1985).

Plaintiff alleges that Dwight Graber: (1) exercised "complete domination and control" over Graber Builders, Inc.; (2) that such control was used to violate the North Carolina Building Code and commit fraud against defendant; and (3) that the aforesaid control and the violation of the Code proximately caused damages to plaintiff in that she was required to install a new septic system. Accordingly, the allegations in plaintiff's complaints are sufficient to state a claim for disregard of the corporate entity.

The amended complaint does not allege specific facts concerning the administrative dissolution of Graber Builders, Inc. Under the North Carolina Business Corporation Act, dissolution of a corporation does not "[p]revent the commencement of a proceeding by or against the corporation in its corporate name. . . ." N.C. Gen. Stat. § 55-14-05 (1999). The liability of a dissolved corporation continues for a period of five years after publishing notice of its dissolution. N.C. Gen. Stat. § 55-14-07 (1999). We do not know when Graber Builders, Inc. was administratively dissolved or if it published notice of its dissolution. Since no facts are disclosed which will necessarily defeat plaintiff's claims against Graber Builders, Inc., it is a viable defendant against whom plaintiff may assert claims at this stage of the proceedings.

Regarding plaintiff's claims against Graber Homes, Inc. and and Douglas Baer, the trial court based the granting of the motion to dismiss as to these defendants on a violation of the applicable statute of limitations. However, under any circumstances plaintiff clearly failed to allege facts that would allow her to bring an action against the successor corporation or the individual allegedly exercising complete domination and control over it.

The general rule is that a corporation that purchases all, or substantially all, of the assets of another corporation is not liable for the old corporation's debts. *G.P. Publications, Inc. v. Quebecor Printing-St. Paul, Inc.*, 125 N.C. App. 424, 432, 481 S.E.2d 674, 679, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 800 (1997). Plaintiff alleges no facts supporting one of the four well-settled exceptions to this general rule against successor liability. *See id.* at 432-33, 481 S.E.2d at 679 (setting forth the four exceptions: "(1) where there is an

BECKER v. GRABER BUILDERS, INC.

[149 N.C. App. 787 (2002)]

express or implied agreement by the purchasing corporation to assume the debt or liability; (2) where the transfer amounts to a *de facto* merger of the two corporations; (3) where the transfer of assets was done for the purpose of defrauding the corporation's creditors; or (4) where the purchasing corporation is a 'mere continuation' of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers.").

Consequently, plaintiff fails to allege a claim upon which relief may be granted against Graber Homes, Inc. or Douglas Baer. Since the motion to dismiss can be sustained on the ground that the defendants are not viable defendants, it is unnecessary to review the dismissal further. *Cf. Shore v. Brown,* 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) (summary judgment will not be disturbed where any grounds exist to support the trial court's dismissal).

We now proceed to determine which claims against Graber Builders Inc. and Dwight Graber survive the motion to dismiss.

Plaintiff first alleges a claim against defendants for breach of contract. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill,* 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Plaintiff states in her complaint that she entered into a "Building Construction Contract" with defendants. She alleges the existence of a contract for construction of a conforming four-bedroom house. She contends defendants breached the contract by failing to install a septic system suitable for a four-bedroom house and in compliance with the applicable building code and the Jackson County Health Department regulations. In total, plaintiff sufficiently pled her claim for breach of contract.

Plaintiff further alleges defendants breached an implied warranty of habitability. The doctrine of implied warranty of habitability requires that a dwelling and all of its fixtures be "sufficiently free from major structural defects, and . . . constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction." *Hartley v. Ballou,* 286 N.C. 51, 62, 209 S.E.2d 776, 783 (1974). The warranty arises by operation of law and imposes strict liability on the builder-vendor. *Medlin v. FYCO, Inc.,* 139 N.C. App. 534, 541, 534 S.E.2d 622, 627 (2000), *disc. review denied,* 353 N.C. 377, 547 S.E.2d 12 (2001). Here, plaintiff alleges that defendants breached the implied warranty of habitability by failing to install a septic system sufficient to serve a four-bedroom

residence and in violation of both the building code and health department regulations. We agree with plaintiff that the dismissal of this claim by the trial court is error.

Plaintiff next alleges a claim based on negligence. In order to establish negligence, plaintiff must show that defendants owed a duty to her, breached that duty, and that such breach was an actual and proximate cause of her injuries. *Pulley v. Rex Hospital*, 326 N.C. 701, 704-05, 392 S.E.2d 380, 383 (1990). Plaintiff alleges that defendants had a contractual duty to construct the residence with a septic system sufficient to serve a four-bedroom house and to conform to the requirements of the applicable building code and rules or regulations of the Jackson County Health Department. She then alleges that the defendants were negligent in failing to do so, and that such negligence was the proximate cause of her damages. Her pleadings are sufficient. The trial court erred in dismissing plaintiff's claim for negligence.

As to plaintiff's claim for fraud, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must allege with particularity all material facts and circumstances constituting the fraud, although intent and knowledge may be averred generally. *Carver v. Roberts*, 78 N.C. App. 511, 513, 337 S.E.2d 126, 128 (1985); N.C.R. Civ. P. 9(b). The essential elements of actionable fraud are: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). There is no requirement, however, that any certain language be used. *Carver*, 78 N.C. App. at 513, 337 S.E.2d at 128. "It is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts." *Id. (quoting Manufacturing Co. v. Taylor*, 230 N.C. 680, 686, 55 S.E.2d 311, 315 (1949)).

Plaintiff alleges that defendants obtained the certificate of occupancy with the intent to deceive her, that she did not learn of their deception until after 31 October 1997 while attempting to sell the house, and that, as a result of this fraud, plaintiff has suffered damages. She also re-alleges all of the circumstances surrounding defendant's building of the house without installing an adequate septic tank.

Although plaintiff does not allege that such conduct was reasonably calculated to deceive, the allegations are sufficient to support the requisite element that defendants' knowledge of the insufficiency and concealment of its existence was calculated to deceive plaintiff. Thus, plaintiff's claim for fraud survives the motion to dismiss.

Chapter 75 of the North Carolina General Statutes declares unlawful "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1 (1999) (the "Act"). In the present case, proof of fraud would constitute a violation of the prohibition against unfair and deceptive acts. *See Bhatti v. Buckland*, 328 N.C. 240, 243, 400 S.E.2d 440, 442 (1991).

Even without the claim for fraud, plaintiff's complaint sufficiently alleges a claim under the Act. In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff. *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). A practice is unfair when it offends established public policy and is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive. *Id.* Under section 75-1.1, a mere breach of contract does not constitute an unfair or deceptive act. *Branch Banking and Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, *disc. review denied*, 332 N.C. 482, 421 S.E.2d 350 (1992). Egregious or aggravating circumstances must be alleged before the provisions of the Act may take effect. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989). Aggravating circumstances include conduct of the breaching party that is deceptive. *Poor*, 138 N.C. App. at 28, 530 S.E.2d at 845. Finally, in determining whether a particular act or practice is deceptive, its effect on the average consumer is considered. *Peterson v. State Employees Credit Union (In re Kittrell)*, 115 Bankr. 873 (Bankr. M.D.N.C. 1990).

Plaintiff alleges defendant's actions and misrepresentations were in or affecting commerce, constitute unfair and deceptive trade practices, and caused her damages in excess of $10,000.00. Plaintiff realleges the circumstances surrounding defendant's failure to install the second septic tank system and to procure the appropriate building permit. These pleadings adequately allege aggravating circumstances attending the breach of contract. Thus, plaintiff's claim for unfair and deceptive trade practices is sufficient to survive the 12(b)(6) motion to dismiss.

In further contravention of plaintiff's action surviving their 12(b)(6) motion, Graber Builders Inc. and Dwight Graber argue that plaintiff's claims necessarily fail because of an arbitration clause in the contract. The paragraph provides: "Any controversy or claim arising out of or relating to this contract, or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association . . . ." However, arbitration is a contractual right that may be waived. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984). Here, defendants have neither made a motion to stay the action pending arbitration nor asserted the arbitration clause as a defense. Accordingly, a dismissal pursuant to Rule 12(b)(6) based on an alleged arbitration agreement is improper.

For the foregoing reasons, we affirm the dismissal of plaintiff's claims against Graber Homes, Inc. and Douglas Baer.

Plaintiff's allegations were adequate, however, to avoid a successful 12(b)(6) motion as to disregard of the corporate form involving Graber Builders, Inc. and Dwight Graber. She also adequately alleged claims on which relief may be granted against them for breach of contract, breach of implied warranty of habitability, negligence, fraud, and unfair and deceptive trade practices. We therefore reverse the trial court's order dismissing these claims, and remand the case for further proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges WYNN and WALKER concur.