TRITON INDUSTRIES, INC., Plaintiff,
v.
RIVERWALK IN HIGHLANDS, LLC, Defendant.
No. COA08-583
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Creighton W. Sossomon, for plaintiff-appellant.
Jones, Key, Melvin & Patton, P.A., by Fred H. Jones, for defendant-appellee.
JACKSON, Judge.
Triton Industries, Inc. ("plaintiff") appeals from an order granting a motion to dismiss in favor of Riverwalk in Highlands, LLC ("defendant"). For the following reasons, we affirm in part and reverse in part.
Plaintiff is a general contractor incorporated in the State of Georgia. Defendant owns and is developing real property in Macon County, North Carolina. Plaintiff is not licensed as a general contractor in North Carolina. At the inception of the relationship between plaintiff and defendant, plaintiff informed defendant that plaintiff was not a licensed North Carolina general contractor. At defendant's suggestion, plaintiff employed a licensed North Carolina general contractor to oversee and supervise plaintiff's work on defendant's property.
On 3 December 2006, pursuant to a contract between plaintiff and defendant, plaintiff began working on defendant's property. After completing its work on 15 July 2007, plaintiff submitted to defendant bills totaling $298,197.86 for work completed as well as materials and equipment either used or furnished on defendant's property. Defendant refused to pay the final billing amount.
On 9 January 2008, plaintiff sued defendant to recover the $298,197.86 unpaid by defendant, an amount not less than $250,000.00 in punitive damages, attorney fees, and costs. On 23 January 2008, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 7 February 2008, the trial court entered an order granting defendant's motion to dismiss; from this order, plaintiff appeals.
On appeal, plaintiff first contends that the trial court erred in granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted as to plaintiff's allegation of defendant's breach of contract. We disagree.
Our standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.
Meyer v. Walls, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (internal citations and quotation marks omitted). We review the trial court's decision to dismiss plaintiff's claim de novo. S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC, ___ N.C. App. ___, ___, 659 S.E.2d 442, 447 (2008).
Despite our broad standard of review, we cannot construe a claim upon which relief may be granted as to defendant's alleged breach of contract. Our Supreme Court has held "that a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor." Brady v. Fulghum, 309 N.C. 580, 586, 308 S.E.2d 327, 331 (1983), superseded on other grounds as stated in Hall v. Simmons, 329 N.C. 779, 407 S.E.2d 816 (1991). In pertinent part, North Carolina General Statutes, section 87-1 provides that
[f]or the purpose of this Article any person or firm or corporation who for a fixed price, commission, fee, or wage, undertakes to bid upon or to construct or who undertakes to superintend or manage, on his own behalf or for any person, firm, or corporation that is not licensed as a general contractor pursuant to this Article, the construction of any building, highway, public utilities, grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more . . . shall be deemed to be a "general contractor" engaged in the business of general contracting in the State of North Carolina.
N.C. Gen. Stat. § 87-1 (2007). Furthermore, North Carolina General Statutes, section 87-13 provides in relevant part that [a]ny person, firm, or corporation not being duly authorized who shall contract for or bid upon the construction of any of the projects or works enumerated in [section] 87-1, without having first complied with the provisions hereof, or who shall attempt to practice general contracting in the State, except as provided for in this Article . . . shall be deemed guilty of a Class 2 misdemeanor.
N.C. Gen. Stat. § 87-13 (2007).
In light of the foregoing, we previously have instructed that
[i]n this state one who for a fee or other charge constructs, or contracts to construct, for another a building that costs more than $30,000 to build is required to be licensed as a general contractor[] [pursuant to North Carolina General Statutes, sections 87-1, 87-10, and 87-13], and if not so licensed[,] the contract will not be enforced by our courts. Brady v. Fulghum, 309 N.C. 580, 308 S.E.2d 327 (1983). Since the record shows without contradiction that though not licensed as such by the state plaintiff acted as a general contractor in contracting to [develop defendant's property] at a cost exceeding $30,000, the order refusing to enforce plaintiff's contract and dismissing its claim against defendant[] was properly entered. Plaintiff's argument that the law as above stated did not apply to it since the construction contracted for was supervised by its employee who was a licensed general contractor is unavailing; for under similar circumstances that same argument was rejected in Joe Newton, Inc. v. Tull, 75 N.C. App. 325, 330 S.E.2d 664 (1985).
Hanover Realty, Inc. v. Flickinger, 87 N.C. App. 674, 675, 362 S.E.2d 173, 173-74 (1987) (emphasis added).
In the case sub judice, plaintiff is a general contractor, unlicensed in North Carolina, who was hired to perform more than $30,000.00 worth of work on defendant's property in Macon County, North Carolina. Plaintiff hired a licensed North Carolina contractor to supervise and oversee plaintiff's work. Thus, plaintiff's employment arrangement is untenable in view of North Carolina General Statutes, sections 87-1 and 87-13 as well as our established precedent.
However, albeit without explanation, plaintiff argues that the North Carolina Administrative Code, Title 21, chapter 12, section .0208(a) permits such an employment arrangement. Section .0208(a) provides that
[t]he term "undertakes to superintend or manage" as used in [North Carolina General Statutes, section] 87-1 to describe a person, firm or corporation deemed to be a general contractor means that the person, firm, or corporation is responsible for superintending or managing the entire construction project, and either contracts directly with subcontractors to perform the construction for the project or is compensated for superintending or managing the project based upon the cost of the project or the time taken to complete the project. Such person, firm, or corporation must hold a general contracting license in the classifications and limitation applicable to the construction of the project.

21 N.C. Admin. Code 12.0208(a) (2008) (emphasis added). We do not see how this helps further plaintiff's position given that the plain language of the section .0208(a) requires that plaintiff must be licensed properly when functioning as a general contractor in this State.
Accordingly, we hold that a party acting as a general contractor unlicensed in North Carolina cannot circumvent the clear language of the North Carolina General Statutes or the prior precedent of our appellate Courts to recover on an unenforceable contract by hiring a licensed North Carolina contractor to supervise or oversee its work. See Hanover Realty, Inc., 87 N.C. App. at 675, 362 S.E.2d at 173-74. "The importance of deterring unlicensed persons from engaging in the construction business outweighs any harshness between the parties . . . ." Builders Supply v. Midyette, 274 N.C. 264, 273, 162 S.E.2d 507, 513 (1968) (citation omitted). We affirm the trial court's dismissal of plaintiff's allegation that defendant breached its contract with plaintiff.
Next, plaintiff argues that the trial court erred in granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted as to plaintiff's allegation of defendant's fraud. We agree.
The essential elements for a cause of action based on fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Terry v. Terry, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981) (quoting Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)). Allegations of fraud must be stated with particularity. N.C. Gen. Stat. § 1A-1, Rule 9(b) (2007).
In the case sub judice, plaintiff alleged that (1) plaintiff informed defendant that plaintiff was not a licensed general contractor in North Carolina; (2) defendant replied that it understood that plaintiff was not a licensed general contractor in North Carolina; (3) defendant stated to plaintiff that plaintiff would be in compliance with North Carolina law if plaintiff employed a licensed North Carolina contractor to oversee and supervise plaintiff's work; (4) plaintiff hired a contractor licensed in North Carolina to oversee and supervise plaintiff's work; (5) plaintiff relied upon defendant's representations; (6) plaintiff believed defendant's representations to be truthful; (7) defendant's representations were made knowingly, intentionally, and with the intent to induce plaintiff to enter into the contract with and perform work for defendant; and (8) plaintiff has been damaged thereby in an amount not less than $298,197.86.
Accordingly, taking these allegations as true and affording plaintiff a liberal construction of its complaint as we must, we hold plaintiff alleged facts sufficient to establish a claim for fraud. See Meyer, 347 N.C. at 111-12, 489 S.E.2d at 888; Carver v. Roberts, 78 N.C. App. 511, 513, 337 S.E.2d 126, 128 (1985) ("`It is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts.'") (quoting Manufacturing Co. v. Taylor, 230 N.C. 680, 686, 55 S.E.2d 311, 315 (1949)). We therefore reverse the trial court's granting of defendant's motion to dismiss for failure to state a claim as to plaintiff's allegation of defendant's fraud.
Finally, plaintiff argues that the trial court erred in granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted as to plaintiff's allegation of defendant's unfair and deceptive trade practices. We agree.
We recently instructed that: "[U]nder N[orth Carolina General Statutes, section] 75-1.1, it is a question for the jury as to whether [a party] committed the alleged acts, and then it is a question of law for the court as to whether these proven facts constitute an unfair or deceptive trade practice." Richardson v. Bank of Am., N.A., 182 N.C. App. 531, 540, 643 S.E.2d 410, 416 (2007) (citation and quotations omitted). "To succeed on a claim for U[nfair and deceptive trade practices], a plaintiff must prove: `(1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby.'" Griffith v. Glen Wood Co., 184 N.C. App. 206, 217, 646 S.E.2d 550, 558 (2007) (citations omitted). "`A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" Id. (Citations omitted).
Bartlett Milling Co., L.P. v. Walnut Grove Auction & Realty Co., __ N.C. App. __, __, 665 S.E.2d 478, 486 (2008). We previously have explained that "[t]he purpose of [North Carolina General Statutes, section] 75-1.1 is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public within this State and applies to dealings between buyers and sellers at all levels of commerce." United Virginia Bank v. Air-Lift Associates, 79 N.C. App. 315, 319-20, 339 S.E.2d 90, 93 (1986) (emphasis added) (citing Buie v. Daniel International, 56 N.C. App. 445, 448, 289 S.E.2d 118, 119, disc. rev. denied, 305 N.C. 759, 292 S.E.2d 574 (1982)). Furthermore, "an action for unfair and deceptive trade practices is a distinct action separate from fraud [or] breach of contract . . . ."United Virginia Bank, 79 N.C. App. at 320, 339 S.E.2d at 93. In the present case, plaintiff alleged that defendant's conduct constituted an unfair and deceptive trade practice, that plaintiff worked and furnished materials and equipment for payment, and that plaintiff suffered a loss of not less than $298,197.86. Therefore, we hold that plaintiff alleged facts sufficient to establish a claim for unfair and deceptive trade practices. Accordingly, we reverse the trial court's decision to grant defendant's motion to dismiss for failure to state a claim as to plaintiff's allegation of defendant's unfair and deceptive trade practices.
For the foregoing reasons, the trial court's order granting defendant's motion to dismiss is affirmed in part and reversed in part.
Affirmed in part, reversed in part.
Judges HUNTER, Robert C., and ELMORE concur.
Report per Rule 30(e).