Justice BEASLEY
dissenting.
When the undisputed facts demonstrate that defendant bank charged plaintiffs for a service not actually provided, plaintiffs are entitled to summary judgment on their unfair and deceptive practice claim. Because the majority mischaracterizes the basis for plaintiffs’ claim to be a misrepresentation and concludes that summary judgment was improperly granted for plaintiffs, I respectfully dissent.
This case involves several issues: (1) whether proof of actual reliance is required to recover; (2) whether there is a genuine issue of material fact regarding whether plaintiffs received discounted loans; (3) whether summary judgment was properly granted to plaintiffs on their unfair and deceptive practice claim as to the loan fees; and (4) whether summary judgment was properly granted to plaintiffs on their unfair and deceptive practice claim as to the closing fees. Each will be discussed in turn.
The standard of review for an order granting summary judgment is de novo. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citation omitted). “Summary judgment is appropriate where ‘there is no genuine issue as to any material fact’ and ‘any party is entitled to a judgment as a matter of law.’ ” Id. (quoting N.C. R. Civ. P. 56(c)).
*98 Section 75-1.1 of the North Carolina General Statutes declares “[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce” to be “unlawful.” N.C.G.S. § 75-1.1(a) (2011). The General Assembly has defined “commerce” to mean “all business activities, however denominated, but . . . not include [ing] professional services rendered by a member of a learned profession.” Id. § 75-1.1(b) (2011). This Court has established three elements that compose an unfair and deceptive practices claim:
In order to establish a prima facie claim for unfair trade[1] practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive.
Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001) (citations omitted).
The majority incorrectly characterizes plaintiffs’ unfair and deceptive practice claim as one based on misrepresentation and thus incorrectly requires proof of actual reliance to recover under section 75-1.1. The Court of Appeals correctly concluded that plaintiffs’ unfair and deceptive practice claim was based on overcharging and that plaintiffs need not prove actual reliance.
Because the majority’s error begins with its characterization of the basis for plaintiffs’ claim, I begin my analysis there. A claim for overcharging is actionable under section 75-1.1.
This is a claim for overcharging rather than excessive pricing. The majority does not definitively bar future plaintiffs from arguing that excessive pricing constitutes an unfair and deceptive practice, and correctly so. Claims for excessive pricing can prevail under certain circumstances. See, e.g., N.C.G.S. § 14-344 (2011) (prohibiting the sale of admission tickets for more than face value, plus tax and a reasonable service fee); Id. § 75-38 (2011) (prohibiting price gouging in times of emergency); Rite Color Chem. Co. v. Velvet Textile Co., 105 N.C. App. 14, 22, 411 S.E.2d 645, 650 (1992) (assuming without deciding that an unconscionable contract may provide a basis for an unfair and deceptive practice claim (citations omitted)). We have previously *99 found that the purpose of section 75-1.1 is to “protect the consuming public.” Skinner v. E.F. Hutton & Co., Inc., 314 N.C. 267, 275, 333 S.E.2d 236, 241 (1985) (citation and quotation marks omitted). The legislature may have found price gouging during times of emergency to be particularly distasteful, but nothing appears in section 75-1.1 to indicate that consumers should not be protected from excessive pricing.
Regardless of whether a party asserting excessive pricing, standing alone, can state a claim for an unfair and deceptive practice, charging for a good or service never received is an unfair and deceptive practice that is distinct from excessive pricing. See Sampson-Bladen Oil Co. v. Walters, 86 N.C. App. 173, 177, 356 S.E.2d 805, 808 (“[I]t seems plain to us, and we so hold, that systematically overcharging a customer... is an unfair trade practice squarely within the purview of G.S. 75-1.1 . . . .”), disc. rev. denied, 321 N.C. 121, 361 S.E.2d 597 (1987). In Sampson-Bladen Oil, the plaintiff charged the defendant over a two-year period for thousands of gallons of oil that the defendant did not actually receive. Id. at 174, 356 S.E.2d at 806-07. The court in Sampson-Bladen Oil stated its conclusion briefly; however, the Court of Appeals has since interpreted Sampson-Bladen Oil as concluding that false invoices showing the amount of goods used and amount of money owed have a tendency to deceive and therefore constitutes an unfair and deceptive practice. Noble v. Hooters of Greenville (NC), LLC, 199 N.C. App. 163, 169, 681 S.E.2d 448, 453 (2009), disc. rev. dismissed, 363 N.C. 806, 690 S.E.2d 706 (2010).
The rationale of Sampson-Bladen Oil is persuasive and its facts are similar to those in this case. Essentially, defendant bank falsified an invoice regarding the amount of money plaintiffs owed in that it charged plaintiffs a discounted loan fee when defendant bank did not provide discounted loans to plaintiffs. The plaintiffs’ claim is not that the cost of their loans was too high in the aggregate, which would be a case of excessive pricing, or that they were told they would receive a discounted loan, which would be a case of misrepresentation; their claim is that they were charged a fee that they should not have been charged at all. There is no difference between charging a customer for oil he did not receive and charging a customer a fee for a service not rendered.
The majority’s analysis rewrites the fact statement in SampsonBladen Oil to say that these plaintiffs, like the customer in SampsonBladen, base their claims on a misrepresentation. The customer in Sampson-Bladen sought recovery on the basis of overcharging, not on the basis of a misrepresentation. The word “overcharge,” or a vari *100 ation thereof, is used eight times in the Court of Appeals’ fact statement. See Sampson-Bladen, 86 N.C. App. at 173-75, 356 S.E.2d at 806-07. The term “misrepresentation” appears nowhere in the Court of Appeals’ opinion.
Based on the majority’s opinion and defendant’s and plaintiffs’ briefs, it appears that the terms “actual deception” and “actual reliance” are unclear. The majority incorrectly concludes that reliance is required to recover under section 75-1.1. An overview of the history of the three elements required for an unfair and deceptive practice claim should clarify the distinction between actual deception and actual reliance.
We did not precisely define an unfair and deceptive practice claim as having three elements until 2000, after our decision in Pearce v. American Defender Life Insurance Co., 316 N.C. 461, 343 S.E.2d 174 (1986). See Gray v. N.C. Ins. Underwriting Ass’n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000) (citing First Atl. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998), for the three-part test). Nonetheless, our language in Pearce clearly described the elements to which we were referring in discussing actual deception and actual reliance. We stated, “Under the facts of this case, Mrs. Pearce must first demonstrate that Ms. Wynne’s letter had the capacity or tendency to deceive. Unlike a claim based upon fraud, proof of actual deception is not necessary.” Pearce, 316 N.C. at 470-71, 343 S.E.2d at 180 (citation omitted). With this context, it is apparent that we were referring to the first element of whether the defendant committed a deceptive act or practice. We further declared, “But the second requisite to making out a claim under this statute is similar to the detrimental reliance requirement under a fraud claim. It must be shown that the plaintiff suffered actual injury as a proximate result of defendant’s deceptive statement or misrepresentation.” Id. at 471, 343 S.E.2d at 180. We referred to proximate cause as the “second requisite”; however, proximate cause is now considered the third element. See Gray, 352 N.C. at 68, 529 S.E.2d at 681. Importantly, we did not say that actual reliance was required; we merely stated that actual reliance — an element of a fraud claim — was similar to the proximate cause element of an unfair and deceptive practice claim. Thus, actual deception and actual reliance refer to different elements of an unfair and deceptive practice claim.[2]
*101 Our case law demonstrates that neither actual reliance nor actual deception is required for proximate cause. Generally, the crux of proximate cause is the foreseeability of an injury. E.g., Hart v. Curry, 238 N.C. 448, 449, 78 S.E.2d 170, 170 (1953). The three-part test from Dalton, outlined above, does not include a requirement of detrimental reliance. While it appears that Howerton supports defendant’s position that actual reliance is required, a closer reading of Howerton reveals that the plaintiff there based his unfair and deceptive practice claim on fraud. 358 N.C. at 443, 469-70, 597 S.E.2d at 678, 693. Fraud is merely one way to prove an unfair and deceptive practice, but Pearce does not require actual reliance unless the plaintiff relies on fraud as part of his claim. Pearce, 316 N.C. at 470-71, 343 S.E.2d at 180.
The majority depends heavily on Pearce. In that case we looked at whether the plaintiff’s husband actually relied on the insurance company’s statements. Id. at 472, 343 S.E.2d at 181. The majority fails to note, however, that Pearce, like Howerton, involved a fraud claim and an unfair and deceptive practice claim based upon a misrepresentation, unlike the present case. Id. at 467, 472, 343 S.E.2d at 178, 181 (stating that the plaintiff asserted, inter alia, claims for fraud and unfair and deceptive practices and that the unfair and deceptive practice claim was based upon a misrepresentation).
The majority again misuses Sampson-Bladen Oil in requiring reliance. As stated before, the claim in Sampson-Bladen Oil was based on systematic overcharging rather than a misrepresentation. The Court of Appeals did not require reliance because the claim was not based on a misrepresentation, and we should not require reliance on these analogous facts when plaintiffs argue that defendants overcharged them and thus committed an unfair and deceptive practice.
Recognizing a claim for overcharging and not requiring reliance in this case does not expand North Carolina law. The statutory law is clear and this Court’s precedent is well established. The majority’s conclusion flouts the General Assembly’s intent to “establish an effective private cause of action for aggrieved consumers in this State. . . . because common law remedies had proved often ineffective.” Marshall v. Miller, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981). *102 This Court has been consistent in condemning a practice as unfair and deceptive when it “offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.” Id. at 548, 276 S.E.2d at 403; see also Dalton, 353 N.C. at 656, 548 S.E.2d at 711; Gray, 352 N.C. at 68, 529 S.E.2d at 681; Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247, 263, 266 S.E.2d 610, 621 (1980), disavowed in part on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559, 569, 374 S.E.2d 385, 391-92 (1988). As the Court of Appeals has aptly asserted, “[T]he fair or unfair nature of particular conduct is to be judged by viewing it against the background of actual human experience . . . .” Harrington Mfg. Co. v. Powell Mfg. Co., 38 N.C. App. 393, 400, 248 S.E.2d 739, 744 (1978), disc. rev. denied and cert. denied, 296 N.C. 411, 251 S.E.2d 469 (1979). Against the background of human experience and ordinary common sense, charging a consumer a fee for a service not rendered is “immoral, unethical, oppressive, unscrupulous, [and] substantially injurious to consumers.” Marshall, 302 N.C. at 548, 276 S.E.2d at 403. The majority’s unfounded narrowing of section 75-1.1 creates precisely the situation the General Assembly sought to avoid: leaving aggrieved consumers with ineffective common law remedies to combat unfair and deceptive practices.
The majority’s conclusion that reliance is required and that a plaintiff must “have affirmatively incorporated the alleged misrepresentation into his or her decision-making process” and demonstrate that he would “have avoided the injury all together,” opens the door to an array of new fees intended to pad a company’s bottom line rather than to reflect the fair cost of a good or service provided to the consumer. For example, under the majority’s reasoning, a bank may charge a “paper statement fee” to a customer who has selected electronic monthly statements offered by the bank, a “safety deposit box rental fee” to a customer who has not rented a safety deposit box, and a “teller transaction fee” on a transaction for which the customer only used the ATM. As long as the customer had some other reason that he might have chosen to do business with the bank, such as being an existing account holder, he can never show that, but for the misrepresentation, he would not have conducted business with the bank. The customer would have to show that he or she would have avoided the transaction entirely. The customer has no recourse because the fee was not a part of his decision-making process, despite the existence of an unethical and unfair practice that charges the consumer a fee for a good or service he did not receive. It is fundamentally unfair to pay a fee for a good or service and receive nothing corresponding to that fee in return.
*103 Further, the majority’s holding blurs the line between fraud and an unfair and deceptive practice claim. Presumably, the General Assembly is aware of the elements of fraud, though not codified by statute, and has chosen not to include the element of actual reliance as part of the proximate cause requirement for an unfair and deceptive practice. Furthermore, this Court has recognized that the General Assembly “intended to establish an effective private cause of action for aggrieved consumers in this State. . . . because common law remedies had proved often ineffective.” Marshall, 302 N.C. at 543, 276 S.E.2d at 400. Fraud is one example of the common law remedies that were ineffective in eradicating unfair and deceptive practices. Thus, proximate cause for an unfair and deceptive practice claim requires that a plaintiff prove that the defendant’s deceptive act could foreseeably cause injury, and in fact caused injury, if the plaintiff is not relying on fraud to prove an unfair and deceptive practice. See Dalton, 353 N.C. at 656, 548 S.E.2d at 711.
Plaintiffs’ claim is not based on fraud, unlike Pearce and Howerton. Defendant bank did not represent that it would provide a discounted loan and then fail to do so. Instead, plaintiffs’ claim is based on the contention that defendant bank charged a discount loan fee and did not provide a discounted loan. Because plaintiffs’ case is not based on fraud, plaintiffs need not prove actual reliance, consistent with Sampson-Bladen Oil. Plaintiffs need only prove that: “(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to . .. plaintiff[s].” Id.
Plaintiffs demonstrated the following in support of their summary judgment motion: Defendant bank charged a loan discount fee for a service that was not provided, an act that has a tendency to deceive and is unethical, satisfying the first element. The-second element has not been challenged, and loan services are included within the definition of “commerce.” See Johnson, 300 N.C. at 261-62, 266 S.E.2d at 620. Plaintiffs can also show that defendant bank’s fee proximately caused their injuries: defendant bank’s deceptive act of charging a discount fee on an undiscounted loan could foreseeably cause a monetary loss and in fact caused a monetary loss.
The majority further incorrectly concludes that there is an issue of material fact regarding whether plaintiffs received discounted loans. Summary judgment for the party with the burden of proof, in this case plaintiffs, is appropriate “when the opposing party has failed *104 to introduce any materials supporting his opposition” to the motion. Kidd v. Early, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976).
Defendant failed to support its opposition to plaintiffs’ motion. Plaintiffs asserted that they did not receive a discounted loan of any kind. Mr. Grace’s affidavit in support of defendant establishes that plaintiffs did not receive a temporary loan discount, but it fails to demonstrate that plaintiffs received a long-term loan discount. Mr. Grace’s affidavit fails to support defendant’s opposition to the motion for summary judgment; therefore, summary judgment for plaintiffs was appropriate.
Finally, I disagree with the majority’s reasoning regarding the closing fees. I fail to see how “entering] into their loan transactions freely and without any compulsion” exempts these kinds of transactions from the scope of the statutes intended to protect the consumer from predatory, unfair, and deceptive practices. Most consumers likely enter into transactions that later turn out to be unfair and deceptive “freely and without any compulsion.” Id. If entering a transaction freely is now a defense to an unfair and deceptive practice claim, then the entire purpose of Chapter 75 and its corollaries elsewhere in the General Statutes is void.

. Although references to the acts proscribed by this statute as “trade practices” persist in our caselaw, the word “trade” was removed from the statute in 1977. See 1977 N.C. Sess. Laws ch. 747, § 1.

. The Court of Appeals has held that actual deception is the equivalent of actual reliance and therefore has held that actual reliance is not required. See, e.g., Cullen v. Valley Forge Life Ins. Co., 161 N.C. App. 570, 580, 589 S.E.2d 423, 431 (2003) *101 (“Moreover, our Courts have clearly held that actual deception is not an element necessary under N.C. Gen. Stat. § 75-1.1 to support an unfair or deceptive practices claim. Accordingly, actual reliance is not a factor.” (internal citations omitted)), disc. rev. denied sub nom. Santomassimo v. Valley Forge Life Ins. Co., 358 N.C. 377, 598 S.E.2d 138 (2004). The Court of Appeals ultimately reached the correct result in Cullen, but did so under flawed logic that the terms refer to the same element of an unfair and deceptive practice claim, which they do not, as explained herein.