IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 19-1059

Filed: 1 September 2020

Union County, No. 19CVS466

D C CUSTOM FREIGHT, LLC, Plaintiff,

v.

TAMMY A. ROSS & ASSOCIATES, INC., Defendant.

Appeal by Plaintiff from Order and Judgment entered 26 September 2019 by Judge Kevin Bridges in Union County Superior Court. Heard in the Court of Appeals 28 April 2020.

*The Duggan Law Firm, PC, by Christopher Duggan, and The Fitzgerald Dwyer Law Firm, PC, by Peter Dwyer, for Plaintiff-Appellant.*

*Parker Poe Adams & Bernstein LLP, by Jason R. Benton and Jessica C. Dixon, for Defendant-Appellee.*

INMAN, Judge.

The primary question in this case is whether a claim for unfair and deceptive trade practices against an insurance agent, based on the agent's misrepresentation to a third party of the terms of a policy, can be maintained absent evidence that the plaintiff relied on the misrepresentation. We hold that North Carolina Supreme Court precedent precludes such a claim absent evidence that the plaintiff's actual and reasonable reliance on a misrepresentation caused the claimed damages.

Plaintiff D C Custom Freight, LLC, filed suit against its insurance agent, Defendant Tammy A. Ross & Associates, Inc., after Defendant sent documents to a third party implying that Plaintiff's coverage was broader than what was contained in the policy. Plaintiff was left without coverage when a truck it rented from the third party was involved in an accident. Plaintiff appeals from: (1) the trial court's grant of summary judgment for Defendant on Plaintiff's claims for negligence, breach of contract, and unfair and deceptive trade practices ("UDTP"); and (2) the trial court's denial of Plaintiff's motion to amend its complaint asserting those claims.

We affirm the trial court's decision. This case is controlled by our Supreme Court's decision in *Bumpers v. Community Bank of Northern Virginia*, 367 N.C. 81, 747 S.E.2d 220 (2013), which holds that UDTP claims based on misrepresentation require a showing of both actual and reasonable reliance to prove that the misrepresentation caused damages. We hold that this requirement extends to claims made within the insurance industry context, in which certain practices are defined as unfair or deceptive under N.C. Gen. Stat. §58-63-15. We also hold that Plaintiff has failed to produce evidence sufficient to support a claim for negligence or breach of contract. The trial court's grant of summary judgment was therefore proper as to each of Plaintiff's claims. For the same reasons, we affirm the trial court's denial of Plaintiff's motion to amend those claims as futile.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff is a freight shipping and trucking company operating in North and South Carolina. Defendant is an insurance agent and broker. In 2016 Plaintiff engaged Defendant to procure commercial automobile insurance coverage, providing Defendant with a list of Plaintiff's equipment and a copy of its former insurance policy to use as a "go-by." Through Defendant, Plaintiff purchased a policy from Wesco Insurance Company ("Wesco") covering the period from 11 March 2017 to 11 March 2018 (the "2017-2018 policy"). Plaintiff used rented vehicles in its business, including trucks rented from Rush Enterprises, Inc. ("Rush"), some via long-term leases and some via short-term rentals. The long-term leased trucks were individually listed in the 2017-2018 policy and covered for physical damage. Trucks rented on a short-term basis were not individually enumerated and were not covered by the policy.

On 6 December 2017, Rush's insurance company requested that Defendant send a Certificate of Insurance ("COI") that showed Plaintiff's liability insurance limits and physical damage deductibles for leased or rented vehicles. Defendant prepared and sent a COI to the insurer and to Plaintiff. This certificate (the "December COI") indicated only that the policy provided liability coverage. The certificate did not mention collision coverage. The insurer requested an amended certificate that listed coverage limits and deductibles for comprehensive and collision coverage. Defendant sent a second COI (the "revised December COI") to the insurer,

revised to add the entry "Specified Perils/Collision Deductibles: $2500." The revised December COI was not sent to Plaintiff.

The next year, Plaintiff renewed the insurance policy it had purchased through Defendant, covering the term of 11 March 2018 through 11 March 2019. Defendant sent a third COI to Rush's insurer (the "March COI"), which was identical to the revised December COI except that it listed a $3000 deductible for "Specified Perils/Collision." The March COI, like the revised December COI, was sent only to Rush's insurer and not to Plaintiff.

In June 2018, Plaintiff rented a truck from Rush on a short-term basis. The short-term rental agreement with Rush required Plaintiffs to provide collision insurance for the truck. In July the rented truck was damaged in a collision. Plaintiff submitted a claim to Wesco. The claim was denied because short-term rentals were not covered by Plaintiff's policy.

Plaintiff filed suit against Defendant, asserting claims for fraudulent misrepresentation, negligence, breach of contract, fraudulent concealment, and unfair and deceptive trade practices. Defendant moved for summary judgment as to all of Plaintiff's claims. Plaintiff then moved to amend its complaint and for summary judgment on its breach of contract and UDTP claims. Plaintiff's proposed amended complaint removed its claim for fraudulent concealment, replaced its claim for fraudulent misrepresentation with a claim for negligent misrepresentation, and

added factual allegations regarding the certificates of insurance. Plaintiff later supplemented its motion to amend with a revised amended complaint, which modified its negligent misrepresentation claim into one based in simple negligence. Plaintiff also withdrew its motion for summary judgment on breach of contract.

Following a hearing, the trial court denied Plaintiff's motion to amend the complaint, denied Plaintiff's motion for summary judgment on its UDTP claim, and granted Defendant's motion for summary judgment on all of Plaintiff's claims. Plaintiff appeals.

## II. <u>ANALYSIS</u>

Although Plaintiff asserted additional claims in its complaint, its notice of appeal only contests the trial court's grant of summary judgment and denial of its motion to amend as to its claims for negligence, breach of contract, and unfair and deceptive trade practices. Plaintiff also contests the trial court's denial of its motion for summary judgment as to unfair and deceptive trade practices. We address each cause of action in turn.

### A. *Standard of Review*

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (2019). The court

must examine the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences. *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 104, 479 S.E.2d 259, 261 (1997). We review trial court rulings on motions for summary judgment *de novo*. *Horne v. Town of Blowing Rock*, 223 N.C. App. 26, 32, 732 S.E.2d 614, 618 (2012). Under *de novo* review, we consider the matter anew and freely substitute our own judgment for that of the trial court. *Id.*

We review a trial court's denial of a motion to amend for abuse of discretion. *Delta Envtl. Consultants of N. Carolina, Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165-66, 510 S.E.2d 690, 694 (1999). Denying a motion to amend without any apparent justification is an abuse of discretion, but when the trial court states no reason for the denial we may examine any apparent reasons for the ruling. *Id.* Proper reasons for denial include futility of the amendment. *Id.* "When an amendment would be futile in light of the propriety of summary judgment on a plaintiff's claim, it is not an abuse of discretion for the trial court to deny the amendment." *N. Carolina Council of Churches v. State*, 120 N.C. App. 84, 93, 461 S.E.2d 354, 360 (1995).

## B. *Negligence*

Plaintiff contends in its negligence claim that Defendant, because it failed to procure insurance coverage for short-term rental trucks, violated its duty to "use

reasonable skill, care and diligence" in procuring insurance for Plaintiff. *Holmes v. Sheppard,* 255 N.C. App. 739, 744, 805 S.E.2d 371, 375 (2017). We disagree.

An insurance agent's duty in procuring insurance is limited to securing the coverage that the policyholder has requested. *Baggett v. Summerlin Ins. and Realty, Inc.*, 143 N.C. App. 43, 50-51, 545 S.E.2d 462, 467 (Tyson, J., dissenting), *rev'd for reasons stated in the dissent*, 354 N.C. 347, 554 S.E.2d 336 (2001). Failure to recommend additional insurance to cover a risk faced by the policyholder does not constitute negligence. *See Baldwin v. Lititz Mut. Ins. Co.,* 99 N.C. App. 559, 562, 393 S.E.2d 306, 308 (1990) (no reasonable expectation that defendant insurance agent recommend or procure coverage for home after builder's policy lapsed at completion of construction); *Phillips by Phillips v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 111, 113, 497 S.E.2d 325, 327 (1998) (insurance agent had no duty to inform client that increasing liability coverage limits would make him eligible for uninsured motorist coverage).

In this case, Plaintiff has not presented evidence raising a genuine issue of material fact regarding whether Plaintiff requested that Defendant obtain coverage for the short-term rental trucks. When seeking insurance coverage, Plaintiff provided Defendant a copy of its previous insurance policy, which did not cover short-term rentals. Plaintiff argues that its representative told Defendant that Plaintiff engaged in short-term rentals, and that this constituted a request for coverage. Considering

the testimony in the light most favorable to Plaintiff, it does not show a request for coverage of short-term truck rentals, and it does not show that Defendant promised to obtain such coverage. Defendant had no duty to procure coverage beyond what Plaintiff actually requested.

Plaintiff compares this case to *Holmes v. Sheppard*, 255 N.C. App. 739, 805 S.E.2d 371 (2017). In *Holmes*, after the plaintiff's insurance claim was denied because the policy did not provide coverage for vacant property, the plaintiff sued his insurance agent for failing to obtain that coverage. 255 N.C. App at 742, 805 S.E.2d at 373. The plaintiff testified that he requested the coverage while his property was vacant and told the insurance agent that he "did not want to have another issue because of vacancy," as a previous claim he had filed was denied due to a vacancy exclusion. *Id.* at 744, 805 S.E.2d at 375. We held that this testimony was sufficient to raise a genuine issue of material fact as to whether the plaintiff had requested the coverage and we reversed the trial court's grant of summary judgment for the defendant. *Id.* at 745, 748-49, 805 S.E.2d at 375, 377-78.

This case is distinguishable from *Holmes*. There is no evidence that Plaintiff communicated to Defendant a request to insure short-term rentals. The previous insurance policy Plaintiff provided to Defendant as an example of the coverage needed did not include coverage for short-term rentals. Plaintiff presented no evidence that it requested greater or different coverage from that provided in the

previous policy. And, unlike in *Holmes*, Plaintiff did not make a statement expressly indicating a desire to rectify a gap in coverage. On these facts, and considering the evidence in the light most favorable to Plaintiff, we hold that Plaintiff has failed to demonstrate a genuine issue of material fact as to whether it requested the insurance coverage at issue, and in turn as to whether Defendant owed a duty of care to obtain such coverage. We conclude that the trial court properly granted summary judgment on Plaintiff's negligence claim.

Plaintiff's initial complaint also asserted a claim for fraudulent misrepresentation based on Defendant's issuance of the COI to Rush Enterprises misrepresenting Plaintiff's coverage. The trial court granted Defendant's motion for summary judgment on that claim. Plaintiff's proposed amended complaint added a claim for negligence based on Defendant's representation to Rush. Because Plaintiff has not argued on appeal that either the fraudulent misrepresentation claim or a negligence claim based on that misrepresentation should have survived summary judgment, those issues are abandoned and we do not consider them. N.C. R. App. P. 28(b)(6).

## C. *Breach of Contract*

Plaintiff argues that, by failing to procure insurance covering short-term rentals, Defendant breached its contract to act as Plaintiff's insurance agent and

broker. We disagree because, as explained above, the evidence does not establish that Plaintiff requested that Defendant procure this coverage.

When an insurance agent has breached its duty to procure insurance requested by the insured, the insured may seek remedy in tort or in contract. *Elam v. Smithdeal Realty & Ins. Co.*, 182 N.C. 599, 604, 109 S.E.2d 632, 634 (1921). To establish a claim for breach of contract, the party asserting the claim has the burden of showing the existence of a valid contract and a breach of the terms of that contract. *Samost v. Duke Univ.,* 226 N.C. App. 514, 518, 742 S.E.2d 257, 260 (2013).

As explained above, Plaintiff has not introduced evidence showing that it requested coverage for short-term rentals. Nor has it shown that the contract between Plaintiff and Defendant extended Defendant's duties beyond the standard requirement that an insurance agent procure the coverage actually requested by the insured.

Plaintiff argues that the issuance of the revised December and March COIs, which implied collision and comprehensive coverage for all vehicles, created a duty that Defendant procure that coverage. However, a COI is distinct from a contract in both law and industry practice:

> A certificate of insurance is not a policy of insurance and does not amend, extend, or alter the coverage afforded by the policy to which the certificate of insurance makes reference. A certificate of insurance shall not confer to a certificate of insurance holder new or additional rights

beyond what the referenced policy of insurance expressly provides.

N.C. Gen. Stat. § 58-3-150(e) (2019). The COIs at issue in this case provided that they "do[] not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder." The second and third COIs, which included references to collision or comprehensive coverage, were never sent to Plaintiff before the collision giving rise to this case. Considering the evidence in the light most favorable to Plaintiff, we cannot hold that these COIs created an additional duty in contract.

Plaintiff argues that denying it relief serves as a "shocking notice" to the insurance community that insurers can issue certificates listing anything they like without repercussion. We disagree. Our legislature has prohibited the issuance of COIs that "contain[] any false or misleading information concerning the policy of insurance to which the certificate of insurance makes reference." N.C. Gen. Stat. § 58-3-150(f)(2) (2019). We simply hold that a COI, sent to a third party and never communicated to the insured, without any additional consideration, does not create additional contractual duties owed to the insured.

## D. *Unfair and Deceptive Trade Practices*

Plaintiff last argues that the trial court erred in granting summary judgment on its claim for unfair and deceptive trade practices. This claim rests on the intersection of two statutes: N.C. Gen. Stat. § 75-1.1, which creates a private cause of

action for UDTP, and N.C. Gen. Stat. § 58-63-15(1), which our courts have held recognizes certain acts within the insurance context as *per se* unfair or deceptive practices. Section 75-1.1 UDTP claims based on a misrepresentation by the defendant generally require a showing that the plaintiff relied on the misrepresentation, leading to its injury. We now consider whether stating a claim in the insurance context, within the scope of Section 58-63-15(1), relieves Plaintiff of the requirement to show reliance. As discussed below, we hold that Plaintiff must show reliance and, because Plaintiff has failed to do so, the trial court properly granted summary judgment on this claim.

Section 75-1.1 of our General Statutes prohibits unfair and deceptive acts between parties engaged in a business transaction. N.C. Gen. Stat. § 75-1.1; *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998). To prevail on a UDTP claim under Section 75-1.1, a plaintiff must show that (1) the defendant committed an unfair or deceptive act or practice (2) in or affecting commerce which (3) proximately caused injury to the plaintiff. *Id.*

Determining whether an act is an unfair or deceptive practice that violates Section 75-1.1 is a question of law. *Gray v. North Carolina Ins. Underwriting* Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000). Ordinarily, the trial court will determine, based upon the jury's findings, whether the acts engaged in by the defendant were unfair or deceptive practices in or affecting commerce. *Id.* A practice is deceptive if

it has the tendency to deceive, and unfair when it "offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* (quotations and citations omitted). In this case that analysis is unnecessary because misrepresenting the terms of an insurance policy is a *per se* deceptive act satisfying the first element of a UDTP claim.

Our legislature has enumerated a number of "unfair and deceptive acts or practices in the business of insurance." N.C. Gen. Stat. § 58-63-15 (2019).[1] Misrepresenting the terms of an insurance policy is one of the proscribed behaviors:

> The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
>
> (1) Misrepresentations and False Advertising of Policy Contracts.--Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statement as to the dividends or share or surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance.

---

[1] Plaintiff's original complaint does not refer to Section 58-63-15, but the amended complaint characterizes the claim as under the section and pleads facts specific to it.

N.C. Gen. Stat. § 58-63-15 (2019).

Section 58-63-15 is a regulatory statute, enforced by the Commissioner of Insurance, and does not create a private cause of action. However, our Supreme Court has held that a violation of Section 58-63-15(1) is, as a matter of law, an unfair or deceptive act or practice. *Pearce v. American Defender Life Ins. Co.,* 316 N.C. 461, 470, 343 S.E.2d 174, 179 (1986). In *Pearce*, the plaintiff purchased a life insurance policy including an additional payment if he died in an accident. *Id.* at 463, 343 S.E.2d at 176. He later sent a letter to his insurance company informing it that he had joined the Air Force and asking if he was "fully covered." *Id.* The insurance company confirmed that the accidental death rider would be payable "should his death occur while in the Armed Forces but not as the result of an act of war." *Id.* at 464, 343 S.E.2d at 176. The plaintiff died in a training flight, and the insurance company refused to pay benefits under the accidental death rider, citing an exception in the policy. *Id.* at 465, 343 S.E.2d at 177. Our Supreme Court held that the insurance company violated the misrepresentation provision of N.C. Gen. Stat. § 58-54.4 (now codified at N.C. Gen. Stat. § 58-63-15(1)), and that such a violation is a *per se* unfair or deceptive trade practice under Section 75-1.1. *Id.* at 470, 343 S.E.2d at 179.[2]

---

[2] Section 58-63-15 enumerates thirteen different categories of unfair and deceptive acts or practices in the business of insurance. Not all of these categories have been incorporated as *per se*

In this case, Plaintiff's claim is likewise based on a misrepresentation by Defendant regarding what was covered under its policy: the policy did not provide comprehensive or collision coverage to short-term rentals, but the revised December COI and the March COI imply that this coverage exists. Defendant argues that this misrepresentation cannot constitute a deceptive trade practice because it did not gain any advantage in the marketplace from this misrepresentation. However, while examining whether a defendant benefitted from an act may be a factor in determining whether that act is an unfair or deceptive practice, that determination does not need to be made in this case. Misrepresenting the terms of an insurance policy is, as a matter of law, a deceptive act. We need not weigh factors to determine whether this first element of a UDTP claim is satisfied, and therefore whether Defendant gained an advantage by its misrepresentation is not relevant to our analysis.[3]

Defendant argues that, because Plaintiff's UDTP claim is based on misrepresentation, Plaintiff must also show that it relied upon the misrepresentation in order to show causation—the third element of a UDTP claim under Section 75-1.1.

---

unfair or deceptive acts satisfying the first element of a UDTP claim. *See, e.g.*, *N.C. Steel, Inc. v. Nat'l Council on Compensation Ins.*, 347 N.C. 627, 632-33, 496 S.E.2d 369, 372 (1998).

[3] Defendant cites *Erler v. Aon Risks Services, Inc. of the Carolinas,* in which we held that a misrepresentation by an insurance agent as to the coverage the purchaser would receive did not amount to an unfair or deceptive trade practice because "no unfair advantage was to be gained from defendants' actions." 141 N.C. App. 312, 321, 540 S.E.2d 65, 71 (2000). However, this decision is directly at odds with our Supreme Court's decision in *Pearce*. We are compelled to follow *Pearce*. *See, e.g.*, *Respess v. Respess*, 232 N.C. App. 611, 625, 754 S.E.2d 691, 701 (2014) (acknowledging that where a conflict exists between Supreme Court precedent and a decision of this Court, we are bound to follow the former).

Defendant contends that Plaintiff cannot show reliance because the revised December and March COIs were never seen by Defendant prior to the accident giving rise to this case. We agree.

We previously addressed this question in *Cullen v. Valley Forge Life Insurance Company,* and held that reliance is not a requirement to show causation in a UDTP claim stemming from Section 58-63-15(1). 161 N.C. App. 570, 589 S.E.2d 423 (2003). In *Cullen*, the plaintiff applied for a life insurance policy from the defendant and submitted to a medical examination and released his medical records. 161 N.C. App. at 572-73, 589 S.E.2d at 426-27. Later, the plaintiff applied for additional coverage and underwent a second medical examination, which revealed a blood blister. *Id.* The insurance company denied the additional coverage and sent the plaintiff a letter stating that "no coverage or contract was ever in effect" and "no coverage ever existed." *Id.* at 573, 589 S.E.2d at 427. This statement was a misrepresentation, as the company's internal memos showed that the plaintiff was covered, violating Section 58-63-15(1) and constituting an unfair or deceptive practice as a matter of law. *Id.* at 579, 589 S.E.2d at 430-431. The defendant argued that the plaintiff could not show an injury in the absence of evidence that he relied on the misrepresentation, but we held that a showing of reliance was not required to prove causation. *Id.* at 580, 589 S.E.2d at 431.

However, this holding is called into question by our Supreme Court's decision in *Bumpers v. Community Bank of Northern Virginia*, 367 N.C. 81, 88, 747 S.E.2d 220, 226 (2013). While *Bumpers* concerns a UDTP claim occurring outside of the context of the insurance industry and Section 58-63-15(1), it holds that "a claim under section 75-1.1 stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on this misrepresentation in order to show the necessary proximate cause." *Id.* at 88-89, 747 S.E.2d at 226-27. In *Bumpers,* the plaintiffs paid loan discount fees to a lender but were not provided discounted loans. *Id.* at 84, 747 S.E.2d at 223. The Supreme Court held that the plaintiffs' claim was based on a misrepresentation, and they could not show proximate cause without presenting sufficient evidence that they actually relied upon the misrepresentation. *Id.* at 89, 747 S.E.2d at 227. Stated directly, "actual reliance requires that *the plaintiff* have affirmatively incorporated the alleged misrepresentation into [their] decision-making process." *Id.* at 90, 747 S.E.2d at 227 (emphasis added).

We are not convinced by Plaintiff's argument—that *Cullen* controls over *Bumpers* because *Bumpers* does not involve the insurance industry. In *Cullen*, we based our holding that no showing of reliance was necessary on two factors. First, neither statute at issue included language requiring reliance. 161 N.C. App. at 580, 589 S.E.2d at 431. Second, we observed that "actual deception is not an element necessary under N.C. Gen. Stat. § 75-1.1 to support an unfair or deceptive practices

claim." *Id.* (citing *Johnson v. Insurance Co.*, 300 N.C. 247, 265, 266 S.E.2d 610, 622 (1980), *overruled in part on other grounds*, *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E.2d 385 (1988); *Poor v. Hill*, 138 N.C. App. 19, 29, 530 S.E.2d 838, 845 (2000)). Neither of these reasons is specific to insurance-based claims made under Section 58-63-15(1), and they apply equally to *any* claim made pursuant to Section 75-1.1. In short, *Cullen* itself declined to draw the distinction Plaintiff now asks us to adopt.

Nor does *Pearce*, which recognized misrepresentations in the insurance industry as *per se* deceptive trade practices supporting a UDTP claim, imply that such a claim can be sustained without showing reliance. The Supreme Court compared the causation analysis for such claims to the "detrimental reliance requirement under a fraud claim" and concluded that the insured in that case had presented evidence showing that he relied on assurances from the insurance company that he was covered. *Pearce,* 316 N.C. at 471-72, 343 S.E.2d at 180-81. Plaintiff has not submitted, nor can we identify, any authority or analysis concluding that the element of proximate cause in the insurance context should be treated differently than causation outside of it. For all of these reasons, we hold that, in order to succeed on a UDTP claim arising under Section 58-63-15(1), a plaintiff must show reliance on the misrepresentation.

We also note that the precedents cited in *Cullen* held that evidence of actual deception was not required to establish the first element of a UDTP claim—the presence of an unfair or deceptive trade practice. *See, e.g.*, *Poor*, 138 N.C. App. at 28-29, 530 S.E.2d at 845 ("A practice is deceptive if it 'possesse[s] the tendency or capacity to mislead, or create[s] the likelihood of deception.' " (quoting *Overstreet v. Brookland, Inc.*, 52 N.C. App. 444, 453, 279 S.E.2d 1, 7 (1981)). *Cullen* applied the holding in these cases to the third element—proximate cause—without acknowledging this distinction or explaining why the same analysis should apply to two different elements of a tort.

Prior to *Cullen,* we consistently held that UDTP claims based on an alleged misrepresentation require the plaintiff to show actual reliance on the misrepresentation in order to establish that element. *Tucker v. Boulevard at Piper Glen LLC,* 150 N.C. App. 150, 154, 564 S.E.2d 248, 251 (2002); *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995). Rather than being distinguishable from *Bumpers'* general rule that a showing of reliance on the part of the plaintiff is required, *Cullen* is in direct conflict with that rule. *See Bumpers* at 100, S.E.2d at 234, n. 10 (Beasley, J., dissenting) (citing *Cullen* as authority providing that evidence of reliance is not necessary to support a UDTP claim). Accordingly, we interpret the Supreme Court's decision in *Bumpers* as

overruling *Cullen* in this respect and hold that Plaintiff in this case must show reliance to succeed on its UDTP claim.

In this case, Defendant did not send Plaintiff the documents containing the alleged misrepresentations. When Rush's insurer first requested a COI on 6 December 2017, Defendant sent a certificate to both the insurer and to Plaintiff. This initial COI did not suggest that short-term rentals had comprehensive and collision coverage. In fact, the initial COI included no representation that Plaintiff had any insurance coverage other than for liability. One week later, on 14 December 2017, Defendant sent the Revised December COI, which listed a "specified perils/collision deductible," only to the insurer, and not to Plaintiff. Likewise, the March COI, which related to the policy in force when the accident occurred, was sent only to Rush and not to Plaintiff.

The evidence, considered in the light most favorable to Plaintiff, is insufficient to create a disputed issue of fact regarding whether Plaintiff relied on Defendant's alleged misrepresentations. The only document Plaintiff received from Defendant provided no representation regarding the insurance coverage in dispute. Plaintiff argues that its rental of trucks from Rush shows reliance on the alleged misrepresentations, because Rush agreed to the short-term rentals on the condition that Plaintiff have collision coverage for those vehicles. This attenuated connection is insufficient to establish a factual dispute regarding Plaintiff's reliance.

Section 75-1.1 requires a showing of (1) actual reliance—that "the plaintiff . . . affirmatively incorporated the alleged misrepresentation into his or her decision-making process" and (2) that the reliance was reasonable. *Bumpers*, 367 N.C. at 90, 747 S.E.2d at 227. In this case, the evidence does not indicate such affirmative incorporation. At best, Plaintiff passively continued to engage in the deal it had made with Rush when the lack of collision coverage did not create a barrier. While Plaintiff argues that it relied on Defendant "to send Rush whatever they were requesting," and Plaintiff's representative testified that the fact that Rush "let the truck go" indicated it had received the COI, this is not enough to show that *Plaintiff* relied upon the information in the COI. At most, Plaintiff knew that Rush requested information regarding the collision deductibles, and then later rented the trucks to Plaintiff. *See, e.g.*, *Hospira Inc. v. Alphagary Corp.*, 194 N.C. App. 695, 701, 671 S.E.2d 7, 12 (2009) ("Under a theory of negligent misrepresentation, liability cannot be imposed when the plaintiff does not *directly* rely on information prepared by the defendant, but instead relies on altered information provided by a third party.")

Given that Plaintiff's representatives could have, at any time, examined the insurance policy and discovered that collision coverage was not provided for short-term rentals, any reliance on such attenuated information was unreasonable. "Reliance is not reasonable where the plaintiff could have discovered the truth of the matter through reasonable diligence, but failed to investigate." *Bumpers,* 367 N.C.

at 90, 747 S.E.2d at 227. An insured's access to its policy does not always render reliance on an agent's misrepresentation of the terms of that policy unreasonable. *See, e.g., Pearce,* 316 N.C. 461, 343 S.E.2d 174. But in cases of negligent misrepresentation we have held that, when terms are unambiguously expressed in the policy, reliance on misrepresentations as to those terms is unjustified. *Cobb v. Pennsylvania Life Ins. Co.*, 215 N.C. App. 268, 276, 715 S.E.2d 541, 549 (2011).

While UDTP and negligent misrepresentation claims are not identical, the facts of this case lead us to conclude that it was unreasonable for Plaintiff to rely on Rush's rental of trucks to conclude that those trucks were covered by the insurance policy procured by Defendant. Plaintiff is a sophisticated business, engaged in the business of trucking, and Plaintiff's representatives testified that no representative at any point read the policy it purchased through Defendant. Plaintiff's previous policy, provided to Defendant as a go-by, did not cover short-term rentals. A third party (Rush) requested confirmation of a policy term, and any misrepresentation of the term was communicated only to the third party. These facts are distinguishable from cases like *Pearce*, in which the insured requested clarification of a policy and received a misrepresentation as to that term in response. In this case, Plaintiff's reliance on Rush's actions to determine the terms of its insurance contract was unreasonable.

In its reply brief, Plaintiff contends that, even if it did not directly rely on Defendant's misrepresentation, the reliance of a third party can show causation for a UDTP claim. In *Ellis v. Smith-Broadhurst, Inc.*, decided by this court before our Supreme Court's decision in *Bumpers,* an insurance agent sued a competitor for submitting a policy comparison to a potential client that misrepresented the plaintiff's policy. 48 N.C. App. 180, 268 S.E.2d 271 (1980). We held that, because there was some evidence that the client "continued to rely on the comparison made by defendants" in making its decision, there was a genuine issue of material fact as to proximate cause. 48 N.C. App. at 184, 268 S.E.2d at 274. *Ellis* is either directly in conflict with *Bumpers*, and therefore not binding, or distinguishable from this case.

The majority opinion in *Bumpers* is unequivocal in its language: "actual reliance requires that *the plaintiff* have affirmatively incorporated the alleged misrepresentation into his or her decision-making process." 367 N.C. at 90, 747 S.E.2d at 227 (emphasis added). "A plaintiff must prove that *he or she* detrimentally relied on the defendant's misrepresentation." *Id.* (citing *Hageman v. Twin City Chrysler-Plymouth Inc.,* 681 F.Supp. 303, 308 (M.D.N.C. 1988) (emphasis added)). It is clear from this case that only the direct reliance of the plaintiff is sufficient to support a UDTP claim based on misrepresentation. The holding in *Bumpers* precludes a UDTP claim such as that in *Ellis*, in which a third party's reliance caused

damage to the plaintiff. Accordingly, Plaintiff cannot base a theory of causation on the reliance of another party.

This case is also factually distinguishable from *Ellis.* In *Ellis,* the defendant made a misrepresentation to a potential client that caused them to purchase its product over the plaintiff's. 48 N.C. App. at 181, 268 S.E.2d at 272. The unfair and deceptive practice at issue in *Ellis* was a misrepresentation that directly interfered with the plaintiff's business opportunity and caused the plaintiff harm. In this case, taking the evidence in the light most favorable to Plaintiff, Rush relied on the COI in deciding to rent trucks to Plaintiff on a short-term basis. However, simply renting the trucks to Plaintiff did not cause any harm. The harm arose only when an accident occurred, incurring losses that Plaintiff assumed were covered under its policy.

Because the evidence, considered in the light most favorable to Plaintiff, is insufficient to show that (1) Defendant made a misrepresentation to Plaintiff concerning insurance coverage; (2) Plaintiff relied on the representation; or (3) Plaintiff's attenuated reliance on a third party's reliance would be reasonable, the trial court did not err in allowing Defendant's motion for summary judgment as to UDTP. For these same reasons, Plaintiff's amended complaint cannot raise a genuine issue of material fact and is therefore futile. The trial court did not err in denying Plaintiff's motion to amend.

### III. <u>CONCLUSION</u>

For the above reasons, we hold that the trial court did not err in allowing Defendant's motion for summary judgment and denying Plaintiff's motion to amend and motion for summary judgment.

AFFIRMED.

Judges STROUD and COLLINS concur.